Larry D. Simons CLS-B (CA Bar No. 179239)
larry@lsimonslaw.com
**LAW OFFICES OF LARRY D. SIMONS**
225 South Lake Avenue, Suite 300
Pasadena, California 91101
Telephone: 626.432.5406
Facsimile: 626.389.5607

Attorneys for Steven and Michelle Hamburg, Debtors

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>STEVEN and MICHELLE HAMBURG,<br><br>Debtors. | Case No. 1:09-bk-13847 MT<br><br>Chapter 13<br><br>**NOTICE OF MOTION AND MOTION FOR CERTIFICATION OF DIRECT APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT OF THE NOTICE OF APPEAL OF ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED 11 U.S.C. § 109(e)'S LIMIT ON UNSECURED DEBT.**<br><br>DATE: To be determined by Court<br>TIME: To be determined by Court<br>PLACE: Courtroom 302<br>United States Bankruptcy Court<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367 |

**TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, AND ELIZABETH ROJAS, CHAPTER 13 TRUSTEE:**

**PLEASE TAKE NOTICE** that Debtors, Steven and Michelle Hamburg (the "Debtors"), by and through their counsel of record, Larry D. Simons, Esq. of the Law Offices of Larry D. Simons, hereby file the instant motion for an order for certification of direct appeal to the United States Court of Appeals for the Ninth Circuit of the Notice of Appeal of the order Dismissing Case Because Debtors Exceed Section 109(E)'S Limit On Unsecured Debt (the "Motion") on an

1

emergency basis under Local Bankruptcy Rules 9075-1.

This Motion is based upon this Notice of Motion, the Motion, the attached memorandum of points and authorities, the declarations in support thereof and any such other evidence as may be presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that service of this Motion is being given to the Chapter 13 Trustee and the Office of the United States Trustee. If the Court sets a hearing on the Motion, Debtors' counsel will promptly notify interested parties of the hearing date and time along with any relevant deadlines for the filing of responsive papers.

DATED: 10/26/09                              **LAW OFFICES OF LARRY D. SIMONS**

By: _____
Larry D. Simons
Attorneys for Steven and Michelle Hamburg,
Debtors

## I. FACTUAL BACKGROUND

On April 3, 2009, the Debtors filed their voluntary chapter 13 petition (the "Petition Date") to reorganize their unsecured debt and impose the injunction found at 11 U.S.C. § 362 to provide the Debtors with an opportunity to reorganize.

The Debtors filed and served a motion entitled *"Notice Of Motion And Motion For Valuation Of Security; Determination Of Secured Status And Avoidance Of Lien And Modification Of Rights Of Lienholder And Permission To Be Excused From Making Further Post Petition Mortgage Payments To Lienholder, Bank Of America, The Holder Of The Second Trust Deed; Memorandum Of Points And Authorities And Declarations In Support Thereof"* on May 18, 2009 (the "Motion to Value").[1] After the regularly scheduled hearing on the Valuation Motion, the Debtors lodged their proposed order granting the Motion to Value. The Court entered the order titled *"Order Granting Debtor's Motion For Valuation Of Security; Determination Of Secured Status And Avoidance Of Lien And Modification Of Rights Of Lienholder And Permission To Be Excused From Making Further Post Petition Mortgage Payments To Lienholder, Bank Of America, The Holder Of The Second Trust Deed"* (the "Valuation Order") on July 10, 2009.[2]

On August 7, 2009, the Court entered its memorandum titled *"Memorandum of Law Re: Debotr's Eligibility Under 11 U.S.C. § 109(e) in Light of Undersecured Debt Exceeding Debt Limits"* in the bankruptcy case styled **In re Russell and Joy Smith, Case No. 1:08-bk-17343 MT** (the "Memorandum").[3]

---

[1] The Motion to Value is listed in the Court record as Case Docket No. 16. The Court is requested to take judicial notice of the Motion to Value pursuant to Rule 201 of the Federal Rules of Evidence.

[2] The Valuation Order is listed in the Court record as Case Docket No. 19. The Court is requested to take judicial notice of the Valuation Order pursuant to Rule 201 of the Federal Rules of Evidence.

[3] The Memorandum is found in the Court record of the **Smith** case as Case Docket No. 26. The Court is requested to take judicial notice of the Memorandum pursuant to Rule 201 of the Federal Rules of Evidence.

Law Offices of Larry D. Simons
225 South Lake Avenue, Suite 300
Pasadena, California 91101
TEL. 626.432.5406 • FAX 626.389.5607

1  The Court entered an order confirming the Debtors' Chapter 13 plan on September 29, 2009,
2  which provided that the Debtors would pay $1,170 per month for sixty (60) months which would
3  provide an approximate dividend of seventeen percent (17%) (the "Confirmation Order").[4]

4  Following entry of the Confirmation Order and based upon its holding in the Memorandum,
5  the Court entered its *"Order Dismissing Case Because Debtors Exceed Section 109(e)'s Limit on*
6  *Unsecured Debt (Order EOD October 19, 2009"* on October 19, 2009 (the "Dismissal Order").[5]

7  Based upon the Court's entry of the Dismissal Order, the Debtors as Appellants filed their
8  *"Notice of Appeal of Order Dismissing Case Because Debtors Exceed Section 109(e)'s Limit on*
9  *Unsecured Debt (Order EOD October 19, 2009)"* on October 23, 2009 (the "Notice of Appeal").[6]

10 Concurrently herewith the Debtors are submitting for the Court's consideration their *"Notice*
11 *of Motion and Motion for Stay Pending Appeal of Order Dismissing Case Because Debtors Exceed*
12 *Section 109(e)'s Limit on Unsecured Debt"* (the "Motion for Stay Pending Appeal").

13 **II.   ARGUMENT**

14   **A.   The Court can Certify a Direct Appeal to the Ninth Circuit Pursuant to 28 U.S.C. § 158(d)(2)(A)-(E)**

16 BAPCPA amended Section 158 of Title 28 by adding subsection (d)(2), which consists of
17 five subparts designated (A) through (E).

18 Subpart (A) creates a certification procedure and vests in the courts of appeals, if they
19 authorize the direct appeal, jurisdiction over the certified appeal. The certification may pertain to
20 any judgment described in Section 158(a), which includes final and interlocutory orders of a
21 bankruptcy court. If a bankruptcy court judgment is certified and direct appeal is authorized, the

---

[4] The Confirmation Order is listed in the Court record as Case Docket No. 24. The Court is requested to take judicial notice of the Confirmation Order pursuant to Rule 201 of the Federal Rules of Evidence.

[5] The Dismissal Order is listed in the Court record as Case Docket No. 27. The Court is requested to take judicial notice of the Dismissal Order pursuant to Rule 201 of the Federal Rules of Evidence.

[6] The Notice of Appeal is listed in the Court record as Case Docket No. 30. The Court is requested to take judicial notice of the Notice of Appeal pursuant to Rule 201 of the Federal Rules of Evidence.

intermediate level of appeal is eliminated. Section 158(d)(2)(A) provides that the certification can be made by (1) the involved bankruptcy court, district court, or bankruptcy appellate panel acting either on its own motion or at the request of any party to the judgment; or (2) all the appellants and appellees (if any) acting jointly.

    a.    The basis for the certification must be one or more of the following circumstances listed in subsection (d)(2)(A)(i)-(iii):

    (i)    the judgment, order, or decree involves a question of law as to which there is not controlling decision of the court of appeals for the circuit or of the Supreme Court, or involves a matter of public importance;

    (ii)    the judgment, order or decree involves a question of law requiring resolution of conflicting decisions; or

    (iii)    an immediate appeal form the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

In this instance, as set forth in the Memorandum and the subsequent Dismissal Order gave rise to and involved questions of law for which there is no controlling decision of the Ninth Circuit directly on point, and involves issues of public importance. As well, this Court expressed its concern that its decision in the Memorandum had a material effect on homeowners facing foreclosures and because of the Congressionally mandated limits on the jurisdiction of the Court under Chapter 13, a materially adverse impact on those same families' ability to afford the benefits of a fresh start arising from the differences on the costs associated with a Chapter 13 versus a Chapter 11; an unfortunate unintended consequence of the rise in real property prices and lending practices associated thereto prior to the economic crash of September 2008. Therefore, a direct appeal may materially advance the progress of the case or proceeding in which the appeal is taken, as the Appellants in this instance will know whether they remain in a Chapter 13 or decide whether they may afford a reorganization under Chapter 11.

Subpart (B) amplifies the certification process. The bankruptcy court, district court or bankruptcy appellate panel "shall" make the certification if it determines that at least one of the circumstances specified in Section 158(d)(2)(A)(i)-(iii) exists. 28 U.S.C. § 158(d)(2)(B)(I). Alternatively, the involved court "shall" certify the judgment when it receives a request to that effect made by a majority of the appellants and a majority of the appellees (if any). 28 U.S.C. § 158(d)(2)(B)(ii).

In this instance, there must be a finding that at least one, if not all three of the circumstances specified in Section 158(d)(2)(A)(i)-(iii) exists.

Subpart (C) provides that the parties may supplement the certification with a short statement of the basis for the certification. Such a statement appears necessary if the involved court certifies under Section 158(d)(2)(B)(ii) and did not independently determine that any of the circumstances required for certification existed.

The Memorandum set forth the factual basis upon which this Motion for Direct Appeal is supported, and in which the Court has stated this Motion for Direct Appeal would be granted.

Subpart (D) provides that an appeal under Section 158(d)(2) does not stay any proceeding unless the court in which the certification is made or the court of appeals issues a stay pending appeal.

The Debtors have concurrently filed a Motion for Stay Pending Appeal.

Subpart (E) requires that the request for certification be made not later than sixty (60) days after the entry of the judgment which is the subject of the certification. The Dismissal Order was entered on October 19, 2009, so this Motion is being filed timely.

### III. CONCLUSION

**WHEREFORE,** the Debtors respectfully request that the Court grant their Motion for Direct Appeal with a finding that it determines that at least one of the circumstances specified in Section 158(d)(2)(A)(i)-(iii) exists and for such further relief as the Court deems just and proper.

DATED: 10/26/09

**LAW OFFICES OF LARRY D. SIMONS**

By: _____
Larry D. Simons
Attorneys for Steven and Michelle Hamburg,
Debtors and Appellants

| In re: Steven Hamburg, Michelle Hamburg | Debtor(s). | CHAPTER: 13 CASE NUMBER: 1:09-bk-13847 |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

225 South Lake Avenue, Suite 300, Pasadena, CA 91101

The foregoing document described __Notice of Motion and Motion for Stay Pending Appeal From Order Dismissing Case Because Debtors Exceed 11 USC § 109(e)'s Limit on Unsecured Debt and Notice of Motion and Motion for Certification of Direct Appeal to the United States Court of Appeals for the Ninth Circuit of the Notice of Appeal of Order Dismissing Case Because Debtors Exceed 11 USC § 109(e)'s Limit on Unsecured Debt__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __10/26/09__ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Elizabeth Rojas, Chapter 13 Trustee:** cacb_ecf@ch13wla.com; lrojas@ch13wla.com
**OUST:** ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On __10/26/09__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Hon. Maureen Tighe, United States Bankruptcy Court, 21041 Burbank Blvd. Ste 305, Woodland Hills, CA 91367**

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/26/09 | Larry D. Simons | /s/ Larry D. Simons |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

F 9013-3.1
Best Case Bankruptcy