Larry D. Simons CLS-B (CA Bar No. 179239)
larry@lsimonslaw.com
**LAW OFFICES OF LARRY D. SIMONS**
225 South Lake Avenue, Suite 300
Pasadena, California 91101
Telephone: 626.432.5406
Facsimile: 626.389.5607

Attorneys for Steven and Michelle Hamburg, Debtors

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>STEVEN and MICHELLE HAMBURG,<br><br>Debtors. | Case No. 1:09-bk-13847 MT<br><br>Chapter 13<br><br>**NOTICE OF MOTION AND MOTION FOR STAY PENDING APPEAL FROM ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED 11 U.S.C. § 109(e)'S LIMIT ON UNSECURED DEBT (ORDER ENTERED ON DOCKET OCTOBER 19, 2009).**<br><br>DATE: To be determined by Court<br>TIME: To be determined by Court<br>PLACE: Courtroom 302<br>United States Bankruptcy Court<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367 |

**TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, AND ELIZABETH ROJAS, CHAPTER 13 TRUSTEE:**

**PLEASE TAKE NOTICE** that Debtors, Steven and Michelle Hamburg (the "Debtors"), by and through their counsel of record, Larry D. Simons, Esq. of the Law Offices of Larry D. Simons, hereby file the instant motion for an order imposing a stay pending their appeal of the order Dismissing Case Because Debtors Exceed Section 109(E)'S Limit On Unsecured Debt (the "Motion") on an emergency basis under Local Bankruptcy Rules 9075-1.

This Motion is based upon this Notice of Motion, the Motion, the attached memorandum of points and authorities, the declarations in support thereof and any such other evidence as may be presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that service of this Motion is being given to the Chapter 13 Trustee and the Office of the United States Trustee. If the Court sets a hearing on the Motion, Debtors' counsel will promptly notify interested parties of the hearing date and time along with any relevant deadlines for the filing of responsive papers.

DATED: 10/26/09

LAW OFFICES OF LARRY D. SIMONS

By: _____
Larry D. Simons
Attorneys for Steven and Michelle Hamburg, Debtors

## I. FACTUAL BACKGROUND

On April 3, 2009, the Debtors filed their voluntary chapter 13 petition (the "Petition Date") to reorganize their unsecured debt and impose the injunction found at 11 U.S.C. § 362 to provide the Debtors with an opportunity to reorganize.

The Debtors filed and served a motion entitled *"Notice Of Motion And Motion For Valuation Of Security; Determination Of Secured Status And Avoidance Of Lien And Modification Of Rights Of Lienholder And Permission To Be Excused From Making Further Post Petition Mortgage Payments To Lienholder, Bank Of America, The Holder Of The Second Trust Deed; Memorandum Of Points And Authorities And Declarations In Support Thereof"* on May 18, 2009 (the "Motion to Value").[1] After the regularly scheduled hearing on the Valuation Motion, the Debtors lodged their proposed order granting the Motion to Value. The Court entered the order titled *"Order Granting Debtor's Motion For Valuation Of Security; Determination Of Secured Status And Avoidance Of Lien And Modification Of Rights Of Lienholder And Permission To Be Excused From Making Further Post Petition Mortgage Payments To Lienholder, Bank Of America, The Holder Of The Second Trust Deed"* (the "Valuation Order") on July 10, 2009.[2]

On August 7, 2009, the Court entered its memorandum titled *"Memorandum of Law Re: Debotr's Eligibility Under 11 U.S.C. § 109(e) in Light of Undersecured Debt Exceeding Debt Limits"* in the bankruptcy case styled **In re Russell and Joy Smith, Case No. 1:08-bk-17343 MT** (the "Memorandum").[3]

---

[1] The Motion to Value is listed in the Court record as Case Docket No. 16. The Court is requested to take judicial notice of the Motion to Value pursuant to Rule 201 of the Federal Rules of Evidence.

[2] The Valuation Order is listed in the Court record as Case Docket No. 19. The Court is requested to take judicial notice of the Valuation Order pursuant to Rule 201 of the Federal Rules of Evidence.

[3] The Memorandum is found in the Court record of the **Smith** case as Case Docket No. 26. The Court is requested to take judicial notice of the Memorandum pursuant to Rule 201 of the Federal Rules of Evidence.

NOTICE OF MOTION AND MOTION FOR STAY PENDING APPEAL FROM ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED 11 U.S.C. § 109(E)'S LIMIT ON UNSECURED DEBT (ORDER ENTERED ON DOCKET OCTOBER 19, 2009). - CASE NO. 1:09-BK-13847 MT

1   The Court entered an order confirming the Debtors' Chapter 13 plan on September 29, 2009, which provided that the Debtors would pay $1,170 per month for sixty (60) months which would provide an approximate dividend of seventeen percent (17%) (the "Confirmation Order").[4]

Following entry of the Confirmation Order and based upon its holding in the Memorandum, the Court entered its *"Order Dismissing Case Because Debtors Exceed Section 109(e)'s Limit on Unsecured Debt (Order EOD October 19, 2009"* on October 19, 2009 (the "Dismissal Order").[5]

Based upon the Court's entry of the Dismissal Order, the Debtors as Appellants filed their *"Notice of Appeal of Order Dismissing Case Because Debtors Exceed Section 109(e)'s Limit on Unsecured Debt (Order EOD October 19, 2009)"* on October 23, 2009 (the "Notice of Appeal").[6]

Concurrently herewith the Debtors are submitting for the Court's consideration their *"Notice of Motion and Motion for Certification of Direct Appeal to the United States Court of Appeals for the Ninth Circuit of the Notice of Appeal of Order Dismissing Case Because Debtors Exceed Section 109(e)'s Limit on Unsecured Debt"* (the "Motion for Direct Appeal").

## II.  ARGUMENT

### A. The Court has Discretion to Grant a Stay Pending Appeal Upon Timely Filing of a Notice of Appeal

The timely filing of a notice of appeal to either a district court or bankruptcy appellate panel will typically divest a bankruptcy court of jurisdiction "over those aspects of the case involved in the appeal." In re Padilla, 222 F.3d 1184, 1190 (9th Cir. 2000). The bankruptcy court retains jurisdiction over all other matters that it must undertake "to implement or enforce the judgment or order, although it may not alter or expand upon the judgment." Id. If a party wants to stay all of the

---

[4] The Confirmation Order is listed in the Court record as Case Docket No. 24. The Court is requested to take judicial notice of the Confirmation Order pursuant to Rule 201 of the Federal Rules of Evidence.

[5] The Dismissal Order is listed in the Court record as Case Docket No. 27. The Court is requested to take judicial notice of the Dismissal Order pursuant to Rule 201 of the Federal Rules of Evidence.

[6] The Notice of Appeal is listed in the Court record as Case Docket No. 30. The Court is requested to take judicial notice of the Notice of Appeal pursuant to Rule 201 of the Federal Rules of Evidence.

Law Offices of Larry D. Simons
225 South Lake Avenue, Suite 300
Pasadena, California 91101
TEL. 626.432.5406 • FAX 626.389.5607

proceedings in bankruptcy court while an appeal is pending, it must file a motion for a stay with the bankruptcy court. <u>See</u>, Rule 8005 of the Federal Rules of Bankruptcy Procedure (hereafter "FRBP"). The appealing party is to file "[a] motion for a stay of the judgment, order or decree of a bankruptcy judge...pending appeal." <u>In re Sherman</u>, 491 F.3d 948, 967 (9th Cir. 2007).

Rule 8005 of the FRBP provides in part that:

> A motion for a stay of the judgment, order or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062, but subject to the power of the district court and bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Coder or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.... When an appeal is taken by a trustee, a bond or other appropriate security may be required, but when an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States a bond or other security shall not be required.

In this Case, granting of this Motion with the relief requested is within the sound discretion of the Court and in furtherance of the justice without prejudice to the Debtors or any other parties in interest. Debtors request that the Court stay the effect of the Dismissal Order that is the subject of the Notice of Appeal, but also, that the Confirmation Order and Valuation Order remain in full force and effect, but that pending final adjudication by the United States Court of Appeals for the Ninth Circuit that all proceedings relating to or arising from the case by stayed. <u>In re Sherman</u>, 491 F.3d at 967, where the Ninth Circuit held that absent a stay pending appeal, the bankruptcy court lacked jurisdiction over only the dismissal order appealed from, but did not lack jurisdiction over any other proceedings or matter pending in the case. Therefore, the Debtors request that this Court stay its jurisdictional authority over all matters pending in the case, including without limitation all those relating to or arising from the Confirmation Order and Valuation Order.

The Debtors further request that any bond requirement be waived and not set as a condition to the granting of this Motion, as parties in interest are protected through the entry of the Confirmation Order and the continued payment of $1,170.00 per month by the Debtors to the

1  Chapter 13 Trustee as required under the Confirmation Order. Such action is clearly within the
2  discretion of the Court under Rule 8005 of the FRBP to "…make any other appropriate order during
3  the pendency of an appeal on such terms as will protect the rights of all parties in interest."

### III.  CONCLUSION

WHEREFORE, the Debtors and Appellants respectfully request the Court grant this Motion with the relief requested herein. Such relief is within the sound discretion of the Court and in furtherance of justice without prejudice to the Debtors or any other parties in interest. The Debtors further request that the Court stay the effect of the Dismissal Order that is the subject of the Notice of Appeal, but also, that the Confirmation Order and Valuation Order remain in full force and effect, and that pending final adjudication by the United States Court of Appeals for the Ninth Circuit that all proceedings relating to or arising from the case be stayed without necessity of a supercedeas bond and for such further relief as the Court deems just and proper.

DATED: 10/26/09          **LAW OFFICES OF LARRY D. SIMONS**

By: _____
Larry D. Simons
Attorneys for Steven and Michelle Hamburg,
Debtors

| In re: | | CHAPTER: 13 |
|---|---|---|
| **Steven Hamburg** <br> **Michelle Hamburg** | Debtor(s). | CASE NUMBER: **1:09-bk-13847** |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**225 South Lake Avenue, Suite 300, Pasadena, CA 91101**

The foregoing document described __Notice of Motion and Motion for Stay Pending Appeal From Order Dismissing Case Because Debtors Exceed 11 USC § 109(e)'s Limit on Unsecured Debt and Notice of Motion and Motion for Certification of Direct Appeal to the United States Court of Appeals for the Ninth Circuit of the Notice of Appeal of Order Dismissing Case Because Debtors Exceed 11 USC § 109(e)'s Limit on Unsecured Debt__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __10/26/09__ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Elizabeth Rojas, Chapter 13 Trustee: cacb_ecf@ch13wla.com; lrojas@ch13wla.com**
**OUST: ustpregion16.wh.ecf@usdoj.gov**

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On __10/26/09__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Hon. Maureen Tighe, United States Bankruptcy Court, 21041 Burbank Blvd. Ste 305, Woodland Hills, CA 91367**

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/26/09 | Larry D. Simons | /s/ Larry D. Simons |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

F 9013-3.1
Best Case Bankruptcy