Larry D. Simons CLS-B (CA Bar No. 179239)
larry@lsimonslaw.com
**LAW OFFICES OF LARRY D. SIMONS**
225 South Lake Avenue, Suite 300
Pasadena, California 91101
Telephone: 626.432.5406
Facsimile: 626.389.5607

Attorneys for Steven and Michelle Hamburg, Debtors

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| In re | Case No. 1:09-bk-13847 MT |
|---|---|
| STEVEN and MICHELLE HAMBURG, | Chapter 13 |
| Debtors. | **DESIGNATION OF ISSUES TO BE PRESENTED ON APPEAL FROM ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED 11 U.S.C. § 109(e)'S LIMIT ON UNSECURED DEBT (ORDER ENTERED ON DOCKET OCTOBER 19, 2009).** |

**TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, AND ELIZABETH ROJAS, CHAPTER 13 TRUSTEE:**

**PLEASE TAKE NOTICE** that Debtors, Steven and Michelle Hamburg (the "Debtors"), by and through their counsel of record, Larry D. Simons, Esq. of the Law Offices of Larry D. Simons, do hereby submit their Designation of Issues to be Presented on Appeal and state the following issues of law or fact:

1. Did the Bankruptcy Court err in dismissing the Chapter 13 case on the grounds the Debtors unsecured debt exceeded the jurisdictional limits of 11 U.S.C. § 109(e)?

2.    To determine the total amount of unsecured debt under 11 U.S.C. § 109(e) should the Bankruptcy Court have included the indebtedness secured by the wholly undersecured deed of trust?

3.    Should the Bankruptcy Court have distinguished the judicial lien avoidance facts of In re Scovis, 249 F.3d 975 (9th Cir. 2001), to find under 11 U.S.C. § 109(e) that the indebtedness secured by the wholly undersecured deed of trust should not be included in determining the amount of unsecured debt?

4.    Where upon conversion to Chapter 7 or dismissal of the Chapter 13 or 11 case the holder of the deed of trust retains all rights and remedies as a secured creditor to foreclose, under 11 U.S.C. § 109(e) should the Bankruptcy Court have treated the wholly undersecured deed of trust as secured debt?

5.    Should the Bankruptcy Court have applied California Civil Code § 2909 to find that the wholly undersecured indebtedness is secured until entry of the Chapter 13 or 11 discharge, and therefore under 11 U.S.C. § 109(e) is not included in determining the amount of unsecured debt?

6.    Having found under 11 U.S.C. § 506(a) and United Savings Association of Texas v. Timbers of Inwood Forest Association, Limited, 484 US 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), that the deed of trust was wholly undersecured, does entry of the discharge merely complete the lien avoidance process?

7.    Given the application of local standards in determining whether a presumption of abuse arises under 11 U.S.C. § 707(b)(2) or in determining the minimum commitment period under 11 U.S.C. § 1325(b)(4)A)(ii), does the uniform eligibility requirement for Chapter 13 under 11 U.S.C. § 109(e) deny certain debtors access to relief under Chapter 13?

///
///
///
///
///
///

1    **WHEREFORE,** Debtors respectfully request the Court consider the foregoing Issues for
2    Appeal.

3    DATED: 12/15/09            **LAW OFFICES OF LARRY D. SIMONS**

By: _____
Larry D. Simons
Attorneys for Steven and Michelle Hamburg,
Debtors

---

3

**DESIGNATION OF ISSUES TO BE PRESENTED ON APPEAL** FROM ORDER DISMISSING
CASE BECAUSE DEBTORS EXCEED 11 U.S.C. § 109(E)'S LIMIT ON UNSECURED DEBT
(ORDER ENTERED ON DOCKET OCTOBER 19, 2009). - CASE NO. 1:09-BK-13847 MT

| In re: | CHAPTER 13 |
|---|---|
| STEVEN and MICHELLE HAMBURG    Debtor(s). | CASE NUMBER 1:09-bk-13847 MT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

225 South Lake Avenue, Suite 300, Pasadena, CA 91101

The foregoing document described **DESIGNATION OF ISSUES TO BE PRESENTED ON APPEAL TO BE PRESENTED ON APPEAL FROM ORDER DISMISSING CASE BECAUSE DEBTORS EXCEED 11 U.S.C. § 109(e)'S LIMIT ON UNSECURED DEBT (ORDER ENTERED ON DOCKET OCTOBER 19, 2009)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **12/15/09** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Elizabeth Rojas, Chapter 13 Trustee:** lrojas@ch13wla.com
**David B. Lally, Esq, (Counsel for Chapter 13 Trustee):** davidlallylaw@gmail.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **12/15/09** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Hon. Maureen Tighe, United States Bankruptcy Court, 21041 Burbank Blvd. Ste 325, Woodland Hills, CA 91367

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/15/09 | Larry D. Simons | /s/ Larry D. Simons |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                   F 9013-3.1